UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIA B. URIBES, individually and as successor-in-interest to RAYMOND R. URIBES, Deceased, and RAYMOND STEVE URIBES, individually<br><br>Plaintiffs,<br><br>v.<br><br>BASF CATALYSTS, LLC (sued individually and as successor-in-interest to ENGELHARD CORPORATION), et al.,<br><br>Defendants. | Case No. 15-CV-02131-LHK<br><br>**ORDER GRANTING MOTION TO REMAND** |

Plaintiffs Elia B. Uribes, individually and as successor-in-interest to Raymond R. Uribes, deceased, and their son Raymond Steve Uribes (collectively, "Plaintiffs") have brought a survival and wrongful death action against Defendants BASF Catalysts, LLC and two of its entities, Eastern Magnesia Talc Company and Pita Realty Limited (collectively, "BASF"), as well as Defendant E.T. Horn Company ("E.T. Horn") (together, with BASF, "Defendants"). Before the Court is Plaintiffs' Motion to Remand this action to Santa Clara County Superior Court. ECF No. 13.

1   Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution
2   without oral argument. Accordingly, the hearing on the Motion to Remand set for September 3,
3   2015, at 1:30 p.m. is hereby VACATED. The initial case management conference is also
4   VACATED. Having considered the submissions of the parties, the relevant law, and the record in
5   this case, the Court GRANTS Plaintiffs' Motion to Remand.

## I.  BACKGROUND

On or about December 2, 2011, Raymond R. Uribes ("Decedent"), age seventy-four at the time, was diagnosed with malignant mesothelioma. ECF No. 13-1, Declaration of Andrew Seitz ("Seitz Decl.") ¶ 5. Decedent had worked as an auto mechanic in the San Jose area for approximately thirty-five years. *Id.* ¶ 6. During this period, Decedent regularly worked with a brand of auto body filler called Bondo, which contained talc mined by BASF's predecessor, Engelhard Corporation ("Engelhard"). *Id.*; ECF No. 1, Notice of Removal ("Removal Notice") ¶ 2. This talc, sold under the name "Emtal," was allegedly contaminated with asbestos. Seitz Decl. ¶ 6. Emtal was manufactured by NMBFiL, Inc. ("NMBFiL") and distributed by E.T. Horn. Removal Notice ¶¶ 2-3; *see also* Seitz Decl. ¶¶ 6-7. Deposition testimony from E.T. Horn's designated corporate representative confirmed that E.T. Horn not only facilitated sales of Emtal talc from Engelhard, but was also the exclusive supplier of Emtal talc in California from 1969 through the 1980s. Seitz Decl. ¶ 15; *see also* ECF No. 13-9, Seitz Decl. Ex. H (October 15, 2012 deposition of E.T. Horn's designated corporate representative, Gene Alley).

On March 14, 2012, Decedent and Decedent's wife, Elia B. Uribes, filed an action for personal injury and loss of consortium against multiple defendants, including BASF, E.T. Horn, and NMBFiL in Santa Clara County Superior Court. ECF No. 13-2, Seitz Decl. Ex. A ("Compl.") ¶ 2. The couple alleged that Decedent had developed malignant mesothelioma from exposure to Emtal talc, which was supposedly contaminated with asbestos. *See id.* ¶¶ 3-18.

On March 15, 2013, Defendant E.T. Horn filed a motion for summary judgment or summary adjudication in the personal injury action. Following briefing and an April 26, 2013

2

Case No. 15-CV-02131-LHK
ORDER GRANTING MOTION TO REMAND

hearing, the Santa Clara County Superior Court denied E.T. Horn's motion in its entirety on May 1, 2013. *See* ECF No. 13-10, Seitz Decl. Ex. I ("Summary Judgment Order") at 5-6. The state court did so because E.T. Horn appeared to be a "distributor" of Emtal talc, and "a jury could reasonably infer that contaminated asbestos talc . . . was sold via E.T. Horn." *Id.* at 4.

Prior to trial, Decedent and his wife propounded, and E.T. Horn responded to, several sets of written discovery, including three sets of special interrogatories (containing a total of 229 interrogatories) and a set of requests for production of documents (containing twenty requests). Seitz Decl. ¶ 10. E.T. Horn responded to these discovery requests between June 12, 2012, and February 28, 2013. *Id.* ¶¶ 11-14. On October 15, 2012, Decedent and his wife deposed Gene Alley, E.T. Horn's designated corporate representative. *Id.* ¶ 15.

On July 3, 2013, Decedent passed away during the middle of his personal injury trial, resulting in a mistrial of that action. Seitz Decl. ¶ 9. One year later, on July 2, 2014, Plaintiffs filed the First Amended Complaint in Santa Clara County Superior Court, asserting an action for wrongful death against BASF and E.T. Horn.[1] ECF No. 13-3, Seitz Decl. Ex. B ("FAC") ¶¶ 2-3. Importantly, Plaintiffs are individual citizens of California. Removal Notice ¶ 19. BASF, a Delaware corporation with its principal place of business in New Jersey, is a citizen of Delaware and New Jersey. *Id.* ¶ 20. E.T. Horn, on the other hand, a California corporation with its principal place of business in La Mirada, California, is a citizen of California. *Id.* ¶ 21.

After filing the FAC, Plaintiffs conducted additional discovery in support of their wrongful death claims against E.T. Horn. In particular, Plaintiffs propounded supplemental discovery requests for any later-acquired information and documents since E.T. Horn's prior discovery responses. Seitz Decl. ¶ 20. E.T. Horn responded to Plaintiffs' supplemental requests on April 13, 2015. *Id.* ¶¶ 21-22.

Plaintiffs also continued their preparations for a second trial against E.T. Horn. On April 28, 2015, Plaintiffs served E.T. Horn with a notice to appear and produce documents at trial,

---

[1] In their FAC, Plaintiffs elected not to name NMBFiL as a defendant. *See* FAC ¶ 2; *see also* Removal Notice ¶ 10.

3

Case No. 15-CV-02131-LHK
ORDER GRANTING MOTION TO REMAND

1  which was set for May 18, 2015. Seitz Decl. ¶ 23; *see* ECF No. 13-13, Seitz Decl. Ex. L. On May

2  1, 2015, Plaintiffs' counsel sent a letter to counsel for E.T. Horn, as well as counsel for BASF,

3  requesting that they all meet and confer regarding motions in limine. Seitz Decl. ¶ 24; *see* ECF

4  No. 13-14, Seitz Decl. Ex. M. In addition, several of the parties' expert witnesses were set to be

5  deposed during the week prior to trial. Seitz Decl. ¶ 28.

6        Earlier, on March 20, 2015, BASF had served Plaintiffs with a discovery request for

7  documents relating to Plaintiffs' claim for damages against defendants other than BASF. Removal

8  Notice ¶ 13. In their response dated April 20, 2015, Plaintiffs stated that they were "no longer

9  alleging any damages against any Defendants other than [BASF]." *Id.* ¶ 14; *see also* ECF No. 1-2,

10  Removal Notice Ex. B ("Discovery Response") at 4. BASF contends that Plaintiffs' response

11  pertained to E.T. Horn, which was—and is—the only defendant in the case other than BASF.

12  Removal Notice ¶¶ 14-15.

13        Believing that Plaintiffs had therefore abandoned their wrongful death claims against E.T.

14  Horn, the only non-diverse defendant in this action, BASF removed the action to this Court on

15  May 11, 2015, one week before the scheduled trial date in state court.[2] Removal Notice ¶¶ 15, 26.

16  The sole asserted basis for subject matter jurisdiction in federal court was diversity of citizenship.

17  *Id.* ¶ 17. Plaintiffs filed an amended discovery response on May 22, 2015, in which Plaintiffs

18  eliminated the statement indicating they were no longer alleging damages against E.T. Horn. *See*

19  ECF No. 28 Ex. E ("Amended Discovery Response"). Plaintiffs replaced that statement with

20  references to various documents in BASF's possession, including E.T. Horn's discovery responses

21  and the deposition of Gene Alley, E.T. Horn's designated corporate representative. *Id.* at 4.

---

[2] The Court notes that E.T. Horn did not formally join in BASF's removal of this action. As BASF indicates, however, the consent of E.T. Horn is not required under 28 U.S.C. § 1446(b)(2)(A) because BASF argues that E.T. Horn was fraudulently joined. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("Ordinarily, under [§ 1446], all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties."). In any event, BASF says that "counsel for E.T. Horn has informed counsel for BASF that E.T. Horn joins and consents to the removal of this action." Removal Notice ¶ 33.

4

Case No. 15-CV-02131-LHK
ORDER GRANTING MOTION TO REMAND

Plaintiffs filed the instant Motion to Remand on May 15, 2015. ECF No. 13 ("Mot."). On May 29, 2015, BASF filed its Opposition. ECF No. 27 ("Opp."). On June 5, 2015, Plaintiffs filed their Reply. ECF No. 29 ("Reply").

## II.   LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case in the first instance. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

## III.   DISCUSSION

In removing this case, BASF acknowledges that E.T. Horn, as a citizen of California, is a non-diverse defendant. Removal Notice ¶¶ 17, 21. Instead, BASF argues that E.T. Horn was fraudulently joined by Plaintiffs in order to preclude removal to federal court on the basis of diversity jurisdiction. *Id.* ¶¶ 5, 22-28. Plaintiffs, on the other hand, argue that E.T. Horn is liable in the wrongful death action due to its role as a distributor of Emtal talc, *see* Mot. at 11-12, and that BASF's removal of the action was therefore improper on two grounds. First, Plaintiffs contend that BASF has failed to meet its burden of showing that E.T. Horn was fraudulently joined. *Id.* at

5

Case No. 15-CV-02131-LHK
ORDER GRANTING MOTION TO REMAND

10-14. Second, Plaintiffs claim that BASF's removal was untimely. *Id.* at 15-18. Plaintiffs claim further that they are entitled to an award of costs and expenses, including attorney's fees, pursuant to 28 U.S.C. § 1447(c). *Id.* at 18-19. The Court examines each argument in turn.

**A. Whether E.T. Horn Was Fraudulently Joined**

   **1. Standard for Determining Fraudulent Joinder**

In the Ninth Circuit, "there is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Fraudulent joinder exists when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). In deciding whether a cause of action is stated, the Ninth Circuit ordinarily "look[s] only to a plaintiff's pleadings to determine removability." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986)). "Where fraudulent joinder is an issue," however, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Id.* (quoting *McCabe*, 811 F.2d at 1339).

A removing defendant seeking to establish fraudulent joinder has the burden to prove that "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting *Burris v. AT&T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *1 (N.D. Cal. July 19, 2006)). A defendant must prove fraudulent joinder "by clear and convincing evidence," *Hamilton Materials*, 494 F.3d at 1206, with all disputed questions of fact and ambiguities of state law to be resolved in the plaintiff's favor, *see, e.g.*, *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). If "[j]oinder of a non-diverse defendant is deemed fraudulent . . . the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

1    Because E.T. Horn is a citizen of California for purposes of diversity jurisdiction, its

2 presence in this lawsuit at the time of removal deprives the Court of subject matter jurisdiction

3 unless BASF can show by clear and convincing evidence that E.T. Horn was fraudulently joined.

4 The Court now addresses whether BASF has met this "heavy burden." *Hunter v. Philip Morris*

5 *USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

**2. BASF Fails to Show E.T. Horn Was Fraudulently Joined**

Plaintiffs argue that BASF has failed to meet its burden of proof in showing fraudulent joinder. *See* Mot. at 11-14; Reply at 3-7. BASF responds that the doctrine of fraudulent joinder applies for two reasons: (1) Plaintiffs' statement in the discovery response that they will no longer be alleging damages against E.T. Horn shows that Plaintiffs have abandoned their claims against E.T. Horn, the only non-diverse defendant in this case; and (2) Plaintiffs' post-hoc assertions that the discovery response was "inadvertent" or "inartful" are unavailing. *See* Opp. at 7-16. For the reasons stated below, the Court is not persuaded that E.T. Horn was fraudulently joined.

With respect to BASF's argument that Plaintiffs' discovery response constituted an abandonment of their wrongful death claims against E.T. Horn, the Court disagrees. While it is true that a plaintiff's total failure to allege damages would effectively be a failure to state a claim in a wrongful death action, that is not the case here. To the contrary, Plaintiffs' FAC does appear to allege viable claims against E.T. Horn under California law. *See* FAC ¶¶ 4-49. As indicated above, the Santa Clara County Superior Court denied E.T. Horn's summary judgment motion in the personal injury action, *see* Summary Judgment Order at 5-6, which was based on allegations substantially similar to those proffered against E.T. Horn in the instant wrongful death suit, *compare* FAC ¶¶ 4-38, 45-49 (allegations supporting claims of negligence, strict liability, and loss of consortium in wrongful death action), *with* Compl. ¶¶ 3-32, 44-48 (allegations supporting claims of negligence, strict liability, and loss of consortium in personal injury action). The state court did so because E.T. Horn appeared to be a "distributor" of Emtal talc, and "a jury could reasonably infer that contaminated asbestos talc . . . was sold via E.T. Horn." Summary Judgment

7

Order at 4. Consequently, BASF has not shown that Plaintiffs would be unable to prevail on *any* cause of action against E.T. Horn, as required to establish fraudulent joinder. *See Padilla*, 697 F. Supp. 2d at 1159 (requiring removing defendant to show "there is no possibility that the plaintiff could prevail on *any* cause of action it brought against the non-diverse defendant" (emphasis added)).

The record also belies a finding of abandonment. As noted above, Plaintiffs served E.T. Horn with a notice to appear and produce documents at trial on April 28, 2015—eight days *after* BASF says that Plaintiffs had abandoned their claims against E.T. Horn. *Compare* ECF No. 13-13, Seitz Decl. Ex. L (April 28, 2015 notice for E.T. Horn to appear and produce documents at trial), *with* Discovery Response (dated April 20, 2015). On May 1, 2015, eleven days after the purported abandonment, Plaintiffs' counsel sent a letter to counsel for E.T. Horn, as well as counsel for BASF, requesting that they all meet and confer regarding motions in limine. *See* ECF No. 13-14, Seitz Decl. Ex. M. Several of the parties' expert witnesses were also set to be deposed during the week of May 11, 2015. Seitz Decl. ¶ 28. Taken together, these actions suggest that Plaintiffs had every intention of going to trial against E.T. Horn for a second time.

Furthermore, even if Plaintiffs had failed to allege damages in their complaint—which is not the case here, *see* FAC ¶¶ 1, 3, 19, 33—BASF offers no evidence suggesting that Plaintiffs would not have had the opportunity to cure that deficiency through amendment. In *Burris v. AT&T Wireless*, the defendant removed the case to federal court on the basis of diversity jurisdiction, alleging that a non-diverse defendant had been fraudulently joined because the plaintiff had not stated a claim against that defendant. 2006 WL 2038040, at *1. The defendant argued that the plaintiff had failed to state a claim for intentional infliction of emotional distress ("IIED") because the plaintiff did not allege any outrageous conduct, a necessary element of an IIED claim. *Id.* at *2. The district court in *Burris* disagreed and remanded the case. The court in *Burris* so ruled because the defendant had failed to prove that the plaintiff would not be afforded leave to amend his complaint to cure the deficiency. *Id.* (citing *Nickelberry v. DaimlerChrysler Corp.*, No. C-06-

8

1002 MMC, 2006 WL 997391, at *1-2 (N.D. Cal. Apr. 17, 2006) (remanding action where defendant failed to demonstrate that the plaintiff would not be given leave to amend to cure the pleading deficiency regarding the defendant alleged to have been fraudulently joined)).

Here, BASF does not dispute that distributors, like E.T. Horn, may be liable under California law if it is reasonably foreseeable that a defect in the product's manufacture or design may cause injury and does cause said injury. *See, e.g.*, *Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 560 (1994) ("A manufacturer, *distributor*, or retailer is liable in tort if a defect in the manufacture or design of its product causes injury while the product is being used in a reasonably foreseeable way." (emphasis added)); *Barth v. B.F. Goodrich Tire Co.*, 265 Cal. App. 2d 228, 253 (1968) (explaining that a "distributor who neither manufactures the product nor has possession of the goods can be held to the doctrine of strict liability"). It is quite possible, then, that even if Plaintiffs had failed to allege damages against E.T. Horn, the state court would have granted leave to amend. *See, e.g.*, *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 240 (2013) (recognizing the "principle . . . that leave to amend a pleading should be liberally granted"); *accord Umamoto v. Insphere Ins. Solutions, Inc.*, No. 13-CV-0475, 2013 WL 2084475, at *5 (N.D. Cal. May 14, 2013). Accordingly, the Court is not persuaded that Plaintiffs' failure to assert damages in a discovery response after alleging damages in the complaint provides a sufficient basis to find that E.T. Horn was fraudulently joined.

BASF's citations to the contrary are unavailing. BASF points to various cases in which a plaintiff's conduct constituted abandonment, *see* Opp. at 8-10 & n.4, but no case cited by BASF addresses a situation in which any possible claim a plaintiff might have against a defendant was deemed abandoned based on a discovery response. Rather, BASF's cases involve several instances in which courts found abandonment based on the plaintiff's failure to serve a defendant or the plaintiff's agreement not to pursue a claim against a defendant. *See id.* For example, in *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 691-92, 696 (9th Cir. 2005), the Ninth Circuit found that the plaintiff had abandoned his claim against a defendant because the plaintiff had

9

Case No. 15-CV-02131-LHK
ORDER GRANTING MOTION TO REMAND

demonstrated an intent to proceed to trial despite never having served that defendant. *Harris*, moreover, did not even address fraudulent joinder. *See id.* at 692 n.1 ("Because we conclude that Bankers' removal was timely, we need not address the fraudulent joinder issue."). Similarly, the Ninth Circuit in *Southern Pacific Co. v. Haight*, 126 F.2d 900, 905 (9th Cir. 1942), held that the plaintiff had abandoned her claim against two fictitious non-diverse defendants when she announced she was ready for trial without having served them. Additionally, in *Franz v. Wyeth*, 431 F. Supp. 2d 688, 690 (S.D. Tex. 2004), the court found fraudulent joinder because the plaintiffs had drafted an agreement under Texas law in which they agreed to dismiss all non-diverse defendants in return for the remaining defendant's promise not to remove the case.

In this case, by contrast, Plaintiffs did not fail to serve E.T. Horn. *See* Reply at 4. Thus, unlike the non-diverse defendants in *Harris* and *Haight*, E.T. Horn was a proper party to the action at the time of removal. What's more, BASF does not argue that Plaintiffs sought to enter into an agreement with BASF to dismiss E.T. Horn from the wrongful death action, as was the case in *Franz*. In fact, E.T. Horn itself never sought dismissal, or any other form of relief in state court, after Plaintiffs submitted the discovery response that purportedly abandoned their claims against E.T. Horn. As Plaintiffs properly served E.T. Horn, and there was no attempt to have E.T. Horn dismissed in state court, BASF's reliance on those cases is unpersuasive.

BASF argues further that Plaintiffs' discovery response was neither "inadvertent" nor "inartful" such that Plaintiffs could avoid federal jurisdiction. *See* Opp. at 11-16. BASF's argument is belied, however, by Plaintiffs' amended discovery response, wherein Plaintiffs eliminated the statement indicating they were no longer alleging damages against E.T. Horn. *See* Amended Discovery Response at 2-4. Instead, Plaintiffs now assert that various documents in BASF's possession—for instance, E.T. Horn's discovery responses and the deposition of Gene Alley, E.T. Horn's designated corporate representative—are responsive to BASF's request for documents relating to Plaintiffs' claim for damages against defendants other than BASF. *Id.* at 4. Plaintiffs' amendment can reasonably be interpreted as an attempt to cure an inadvertent response.

10

Case No. 15-CV-02131-LHK
ORDER GRANTING MOTION TO REMAND

In *Alderman v. Pitney Bowes Management Services*, 191 F. Supp. 2d 1113, 1116 (N.D. Cal. 2002), the district court declined to find fraudulent joinder, holding that a plaintiff's failure to bring certain claims against two of the defendants was "inartful pleading" when the record showed she intended to pursue such claims. Similarly, here, the record shows that despite Plaintiffs' "inadvertent and inartful response," Mot. at 8, Plaintiffs still intended to take E.T. Horn to trial for a second time. *See* ECF No. 13-13, Seitz Decl. Ex. L (April 28, 2015 notice for E.T. Horn to appear and produce documents at trial); ECF No. 13-14, Seitz Decl. Ex. M. (May 1, 2015 letter from Plaintiffs' counsel to counsel for E.T. Horn requesting to meet and confer regarding motions in limine). In fraudulent joinder cases such as this, "all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (brackets omitted) (quoting *Archuleta v. Am. Airlines, Inc.*, No. CV 00-1286 MMM (SHX), 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000)).

Lastly, BASF argues that regardless of whether the initial response was "inadvertent and inartful," Plaintiffs' Motion to Remand is improper because jurisdiction is determined at the time of removal such that post-removal actions, like the amended discovery response, have no effect. *See* Opp. at 12-13. The Court agrees that removal is determined by the allegations at the time of removal. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989). For that reason, the Court need not rely on Plaintiffs' amended discovery response to grant Plaintiffs' Motion to Remand. As stated above, Plaintiffs' operative *complaint*, which existed at the time of removal, continues to allege viable claims against E.T. Horn, and the record suggests that Plaintiffs have not abandoned those claims. BASF may dispute the vigor with which Plaintiffs have prosecuted their wrongful death claims against E.T. Horn, but in this posture the Court must resolve "all disputed questions of fact" in Plaintiffs' favor. *Calero*, 271 F. Supp. 2d at 1176.

Accordingly, the Court concludes that BASF has not met its heavy burden to show

fraudulent joinder by clear and convincing evidence.[3] *See Umamoto*, 2013 WL 2084475, at *5 (finding of fraudulent joinder is not appropriate so long as "there is a non-fanciful possibility that plaintiff can state a claim" (internal quotation marks omitted)).

### B. Attorney's Fees and Costs

Plaintiffs argue that, pursuant to 28 U.S.C. § 1447(c), they are entitled to payment of costs and fees, including attorney's fees, incurred as a result of the removal. The U.S. Supreme Court has explained that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely," the *Martin* Court continued, "when an objectively reasonable basis exists, fees should be denied." *Id.*

Here, although the Court ultimately holds that remand is necessary, Plaintiffs have not shown that BASF lacked any objectively reasonable basis to seek removal. From BASF's perspective, Plaintiffs' apparently inadvertent statement that they were no longer alleging damages against E.T. Horn could reasonably have been interpreted as meaning that Plaintiffs were no longer alleging any claims against E.T. Horn, the sole remaining non-diverse defendant. Accordingly, the Court denies Plaintiffs' request for attorney's fees and costs. *See Umamoto*, 2013 WL 2084475, at *7 (denying request for attorney's fees and costs under § 1447(c) in fraudulent joinder case because the plaintiffs had not shown that "Defendants lacked an objectively reasonable basis for believing that Feeny was fraudulently joined").

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiffs' Motion to Remand this action to Santa Clara County Superior Court. The Court DENIES Plaintiffs' request for attorney's fees and costs.

**IT IS SO ORDERED.**

---

[3] As the Court finds that it lacks subject matter jurisdiction due to BASF's failure to establish fraudulent joinder, the Court need not address Plaintiffs' procedural argument that BASF's removal was untimely under 28 U.S.C. § 1446(c)(1).

12
Case No. 15-CV-02131-LHK
ORDER GRANTING MOTION TO REMAND

Dated: August 28, 2015

_____
LUCY H. KOH
United States District Judge

13

Case No. 15-CV-02131-LHK
ORDER GRANTING MOTION TO REMAND